**O**

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>TEAMSTERS WESTERN REGION & LOCAL 177 HEALTH CARE PLAN; and SOUTHWEST SERVICE ADMINISTRATORS, INC.,<br><br>Defendants. | Case No: 5:16-cv-02083-ODW-PLA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [43]** |

## I. INTRODUCTION

Defendants Teamsters Western Region & Local 177 Health Care Plan ("The Plan") and Southwestern Service Administrators, Inc. ("SSA") (collectively, "Defendants") bring a Motion to Dismiss *pro se* Plaintiff Gregory Sanchez's ("Sanchez") First Amended Complaint. (ECF No. 43; *see* First Am. Compl. ("FAC"), ECF No. 30.) Sanchez alleges that by denying his children enrollment in Defendants' health care plan, Defendants violated 42 U.S.C. § 1981 and The Privacy Act of 1974,

Pub. L. No. 93-57942, Section 7. (FAC 4, 6.)[1] Sanchez contends that he could not provide his children's Social Security Numbers ("SSN") based on his religious beliefs, and therefore, his children were unjustly deprived of the benefits of the Collective Bargaining Agreement of his union, Local 63 of the International Brotherhood of Teamsters ("IBT"). (FAC 2.)

Before this Court is Defendants' second motion to dismiss Sanchez's claims. For the reasons discussed below, the Court **GRANTS** Defendants' motion on the basis that Sanchez fails to state cognizable claims upon which relief can be granted.

## II. FACTUAL BACKGROUND

Sanchez is an employee of the United Parcel Service and has been a union member of IBT for over 15 years. (FAC 2.) Sanchez receives benefits in accordance with IBT's Collective Bargaining Agreement. (*Id.* at 3.) In 2014, IBT began using The Plan for the union's health care, and SSA administered it. (*Id.* at 2.) Sanchez met the eligibility requirements for the benefits, and he alleges that his dependents are therefore also eligible. (*Id.* at 3.) Sanchez tried to enroll his three children into The Plan by providing records of their birth, affidavits, letters from the hospital, and a photocopy of the Sanchez's family bible record. (*Id.* at 4.) The Plan's Eligibility and Enrollment Department responded to Sanchez on May 15, 2015: "We are unable to enroll your dependent without proper certified birth certificates and social security numbers as stated on the Teamsters Western Region & Local 177 HealthCare Plan California Election Form." (*Id.*) However, Sanchez alleges that his religious beliefs prevent him from acquiring SSNs for his children. (*Id.*) After writing an appeal to The Plan's Claims Administrator and providing birth records, but not SSNs, Sanchez's children were denied enrollment on September 30, 2015. (*Id.*) On September 30, 2016, Sanchez initiated this lawsuit against Defendants. (Compl., ECF No. 1.) Defendants filed a motion to dismiss on January 20, 2017, for a failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). (First Mot., ECF No. 14). The Court

---

[1] Plaintiff delineates his FAC with inconsistent paragraph numbers; as such, the Court will reference page numbers instead.

2

granted Sanchez leave to amend his complaint and denied Defendants' first motion to dismiss as moot. (ECF No. 29). Sanchez filed his FAC on March 22, 2017. (*See* FAC.) Defendants' second motion to dismiss is now before the Court.[2] For the reasons discussed below, the Court **GRANTS** Defendants' motion.

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Generally, a court should freely give leave to amend a complaint that has been dismissed, even if not requested by the party. *See* Fed. R. Civ. P. 15(a); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). However, a court may deny leave to

---

[2] After considering papers filed in support of and in opposition to the motion, the Court deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

Sanchez's complaint alleges two causes of action: (1) violation of 42 U.S.C. § 1981, and (2) violation of Section 7 of the Privacy Act. (FAC 4–6.) Defendants move to dismiss Sanchez's first claim under section 1981 for failure to state an actionable claim of intentional racism. (Intro. to Mot. 1.) Defendants also move to dismiss Sanchez's second claim under Section 7 for failure to allege that Defendants are accountable to the Privacy Act. (*Id.*) (4–6.)

**A.      Violation of Equal Rights under 42 U.S.C. § 1981**

Sanchez's first claim alleges that by denying his children enrollment in The Plan, Defendants violated 42 U.S.C. § 1981, which protects against intentional race-based discrimination in making contracts. (*See* FAC 4.) Defendants argue that the claim for violation of this statute should be dismissed because Sanchez alleges that his children were denied health insurance coverage for religious, not racial, reasons, and there is no allegation of intentional discrimination. (Mot. 6–7)

To obtain relief under section 1981, a plaintiff must allege intentional or purposeful discrimination. *Gen. Bldg. Contractors Ass'n, Inc. v. Penn.*, 458 U.S. 375, 391 (1982) (holding that section 1981 can only be violated when there is intentional discrimination). Further, the intentional discrimination must be racially based. *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) ("What is required in a section 1981 action, however, is that the plaintiffs must show intentional discrimination on account of race."); *Shah v. Mt. Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 272 (9th Cir. 1981); *see also Noyes v. Kelly Servs.*, 488 F.3d 1163, 1167, n.3 (9th Cir. 2007) (noting that religious discrimination does not apply under section 1981).

Sanchez's claim is legally insufficient. Although Sanchez states that he cannot receive the SSNs for his children because of his belief in God's law, he does not state that his children's denial from The Plan was based on a desire to intentionally

discriminate against his race or even his religious beliefs. (*See* FAC.) Sanchez merely alleges that The Plan denied his children enrollment after not receiving the documentation The Plan requested. (*Id.* at 4.) There is no alleged connection or facts to suggest that The Plan's denial was related to race or other discrimination. (*See id.*) Thus, even taking the facts as true, Sanchez does not state a claim for relief under section 1981. Therefore, the Court **GRANTS** Defendant's motion to dismiss the claim under section 1981.

**B. Violation of Section 7 of the Privacy Act of 1974**

Sanchez's second claim alleges that Defendants violated Section 7 of the Privacy Act. Section 7 states, "It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security number." Sanchez relies on 26 U.S.C. § 6109(a)(3) and *Yeager v. Hackensack Water Co.*, 615 F. Supp. 1087 (D.N.J. 1985) to claim that Defendants are accountable under Section 7 as "withholding agents." (FAC 6.) Defendants argue that they are not withholding agents nor are they a federal, state, or local government agency since there is no nexus beyond mere compulsion between them and the state. (Mot. 8–9.)

*i. 26 U.S.C. § 6109(a)(3)*

Sanchez alleges that under section 6109(a)(3), Defendants are withholding agents and therefore subject to Section 7, citing the portion of the statute which states,

> Any person required under the authority of this title to make a return, statement, or other document with respect to another person shall request from such other person, and shall include in any such return, statement, or other document, such identifying number as may be prescribed for securing proper identification of such other person.

26 U.S.C. § 6190(a)(3); (FAC 6.) Sanchez alleges that "[w]hen a person; either government, state or private employer, make a request for information [sic], such as the collection for a SSN. They are acting as withholding agents as stated under Title 26 U.S.C. § 6109(a)(3)," and therefore, Defendants are acting as withholding agents by requesting the SSNs. (FAC 6.) This conclusory statement is not an accurate reading of

5

section 6109(a)(3). Neither section 6109(a)(3) nor its other subdivisions address withholding agents or state that a party may become a withholding agent. Therefore, Sanchez's conclusory allegation that Defendants become withholding agents by asking for SSNs is not supported by section 6109(a)(3).

### ii. *Yeager v. Hackensack Water Co.*

Sanchez alleges that under *Yeager*, Defendants became withholding agents and are subject to Section 7(a) of the Privacy Act. (FAC 6.) In Opposition, Defendants argue that the ruling in *Yeager* does not mean that they are accountable by reason of Section 7 because Sanchez does not allege that Defendants are a regulated entity with a sufficient nexus with the state. (Mot. 9.)

In *Yeager*, the court held that "[i]n certain situations, where there is a close nexus between the state and an action by a regulated entity, the action of the latter may be fairly treated as that of the state itself." 615 F. Supp. at 1091 (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974) (addressing the Fourteenth Amendment)). There, the primary motivation for a local water purveyor's attempt to obtain its customers' SSNs came from an administrative order during a state-wide drought. *Id.* at 1089.

Thus, under *Yeager*, there must be a close nexus between the state and the entity for the entity to be treated as part of the state. *Id.* Moreover, this nexus requires more than just a compulsion by a government agency. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 838 (1999) (addressing the Religious Freedom Restoration Act and briefly Section 7(a)(1) of the Privacy Act); *see Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 195 (3rd Cir. 2005) (noting with regard to the Fourth Amendment that "compelled participation by a private actor may fall outside of the contours of state action."). In *Sutton*, the plaintiff refused to provide his SSN for a work position due to his religious beliefs. 192 F.3d. at 829–30. The court held that "Supreme Court precedent does not suggest that governmental compulsion in the form of a generally applicable law, without more, is sufficient to deem a private entity a government actor." *Id.* at 838. The court was concerned that any employee could be converted into a

government actor any time that it complied with a law, and therefore that private employers "would then be forced to defend that law and pay any consequent damages, even though they bear no real responsibility for the violation of rights." *Id.* at 838-39. Similarly, Sanchez does not allege a nexus between Defendants and the government other than a conclusory allegation that Defendants asked for SSNs under the IRS's compelled regulations. (FAC 6.) Sanchez asserts that "[i]n requesting SSN's from Plaintiff, the Defendants are acting as withholding agents of the Internal Revenue Service (IRS). As a private persons acting as government agent [sic] in the collection of SSNs, the Defendants are subject to the PA" (*id.*), but the Court notes that bare allegations and statements that are merely conclusory are not sufficient to demonstrate a claim for relief. *Junod v. Dream House Mortg. Co.*, No. CV 11-7035-ODW(VBKx), U.S. Dist. LEXIS 3865, at *6 (C.D. Cal. Jan. 5, 2013). Without a stronger alleged connection beyond mere compulsion between Defendants and the government, Defendants cannot be recognized as any type of government agents as defined in Section 7 of the Privacy Act.

Defendants mention another element that *Yeager* outlines before a private entity's action may be treated as a state action—it must be a "regulated" entity. (Mot. 9); *see* 615 F. Supp. at 1091. Sanchez does allege that Defendants are a regulated private entity in his Opposition (Opp'n 4–5), but the Court must only look at the facts alleged in the pleading. *See In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996), *rev'd on other grounds sub nom. Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) (explaining that when deciding a motion to dismiss, material outside of the pleadings cannot be considered). There is no factual claim or allegation in the pleading that Defendants are a regulated entity. (*See* FAC.) Since Defendants are not allegedly regulated entities nor is there a nexus between the government and Defendants, they cannot be converted into government agents. Therefore, *Yeager* is inapplicable to this case and Defendants are not liable under Section 7 of the Privacy Act.

### *iii. Other Elements of Section 7 of the Privacy Act*

Defendants argue that alternatively, they are not liable under Section 7 because a private right of civil action extends only as against agencies of the government. (Mot. 10.)

The Privacy Act's private right of action is limited to actions against agencies of the government and does not apply to private individuals, state and local officials, or private entities. *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985); *see also Sutton*, 192 F.3d at 844. Since Sanchez does not allege any nexus between Defendants and the government, Defendants maintain their status as private entities. (Opp'n 4.) Furthermore, Sanchez does not allege that Defendants are agencies of the government in his Amended Complaint. (*See* FAC.)

Additionally, Defendants argue that Sanchez's Privacy Act claim should be dismissed because Sanchez does not allege any deprivation of a benefit or privilege that is provided by law. (Mot. 7.) For a claim to exist under Section 7, a plaintiff must allege a denial of "any right, benefit, or privilege provided by law." 5 U.S.C. § 552(a). Sanchez alleges that Defendants denied his children the right to the benefits provided by the Collective Bargaining Agreement (FAC 5), but Sanchez fails to allege the deprivation of a legal right or another benefit of a law. (*See* FAC). The mere benefit of receiving health care under The Plan and the Collective Bargaining Agreement is not a legal right nor law, because access to a particular health care plan is not a legal right. *See* Nancy E. Krass, SYMPOSIUM ARTICLES: PUBLIC HEALTH ETHICS: FROM FOUNDATIONS AND FRAMEWORKS TO JUSTICE AND GLOBAL PUBLIC HEALTH, 32 J.L. Med. & Ethics 232, 234 (2004) ("Given that there is no legal right to health care in this country. . . ."). Sanchez himself views his right to The Plan's benefits as a "contractually mandated right[]" and not a legal right. (Opp'n 5.) Since Sanchez does not allege that he or his children have been denied any legal benefit (*see* FAC), Sanchez's allegations are insufficient to state a claim for relief, even if Defendants were deemed government agents under Section 7 of the Privacy Act.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' motion to dismiss (ECF No. 43). Because this is Sanchez's second operative complaint that has been dismissed for failure to state a claim on which relief can be granted, the Court declines to grant leave to amend. The Clerk of Court shall close the case.

**IT IS SO ORDERED**.

June 8, 2017

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**